**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**MIDLAND-ODESSA DIVISION**

| | | |
|---|---|---|
| **REVERSE MORTGAGE FUNDING, LLC** | § § § | |
| **Plaintiff,** | § § § | |
| **v.** | § § § | **Civil Action No. 7:23-cv-43** |
| **GARRY DON WHITE AND TERRI J. WHITE,** | § § § | |
| **Defendants.** | § § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

Plaintiff Reverse Mortgage Funding, LLC ("RMF" or "Plaintiff") files this *Original Complaint* against Defendants Garry Don White and Terri J. White ("Defendants"), and states as follows:

**I.      PARTIES**

1.      Plaintiff is a "mortgagee" as is defined in Texas Property Code § 51.001(4) and is appearing through the undersigned counsel.

2.      Defendant Garry Don White is an obligor and mortgagor under the subject loan agreement and may be served with process at 3619 Melody Lane, Odessa, TX 79762, or such other place where he may be found.  Summons is requested.

3.      Defendant Terri J. White is a mortgagor under the subject loan agreement and may be served with process at 3619 Melody Lane, Odessa, TX 79762, or such other place where she may be found. Summons is requested.

## II.      PROPERTY

4.      This proceeding concerns the following real property and improvements commonly known as 3619 Melody Lane, Odessa, TX 79762, more particularly described as:

> LOT 9, BLOCK 14, CRESTWOOD ADDITION, AN ADDITION TO THE CITY OF ODESSA, ECTOR COUNTY, TEXAS, ACCORDING TO THE MAP OR PLAT OF RECORD IN VOLUME 3, PAGE 53, PLAT RECORDS, ECTOR COUNTY, TEXAS.

(The "Property").

## III.      DIVERSITY JURISDICTION AND VENUE

5.      This Court has jurisdiction over the controversy because there is complete diversity between Plaintiff and Defendants, and the amount in controversy exceeds $75,000.00. *See* 28 U.S.C. § 1332.

6.      Plaintiff is a Delaware limited liability company. For diversity purposes, the citizenship of a limited liability company is determined by the citizenship of its members. *See Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008). The sole member of RMF is Reverse Mortgage Investment Trust, Inc., which is incorporated in Maryland and has its principal place of business in Maryland. Therefore, RMF is a citizen of Maryland for purposes of diversity jurisdiction.

7.      Defendants are individuals and citizens of the state of Texas.

8.      In this suit, Plaintiff seeks a declaratory judgment to foreclose on real property. Because the lien interest is valued at more than $75,000.00, the minimum amount-in-controversy requirement has been met.

9.      When a party seeks declaratory relief, the amount in controversy is measured by the value of the object of the litigation, and the value of that right is measured by the losses that will follow. *Webb v. Investacorp, Inc.*, 89 F.3d 252, 256 (5th Cir. 1996). Stated differently, the

amount in controversy is "the value of the right to be protected or the extent of the injury to be prevented." *Hartford Ins. Grp. v. Lou-Con, Inc.*, 293 F.3d 908, 910 (5th Cir. 2002) (quoting *Leininger v. Leininger*, 705 F.2d 727, 729 (5th Cir. 1983)); *see also Farkas*, 737 F.3d at 341.

10.     Here, the value of the right to be protected is enforcement of a mortgage lien through foreclosure. If Plaintiff were to foreclose on the Property, it would be entitled to either the full use and possession of it, or the proceeds of a foreclosure sale. As of October 14, 2022, the total amount due was $131,654.94.  Therefore, the amount in controversy is more than $75,000.00.

11.     Venue is proper in the Western District of Texas, Midland-Odessa Division, because this suit concerns title to real property located in Ector County, Texas. *See* 28 U.S.C. §§ 124, 1391(b)(2).

## IV.     FACTS

12.     On or about October 10, 2013, Defendant Garry Don White ("Borrower") executed that certain Adjustable-Rate Note (the "Note") originally payable to AMB Mortgage Inc. ("AMB"), in the maximum principal amount of $205,500.00 bearing interest at the initial rate of 2.423% per annum. A true and correct copy of the Note is attached hereto as **Exhibit A**.

13.     Concurrently with the Note, Borrower and Defendant Terri J. White as non-borrowing spouse, executed that certain Adjustable Rate Home Equity Conversion Deed of Trust (the "Security Instrument" and together with the Note, the "Loan Agreement"), as grantors, granting a security interest in the Property. The Security Instrument was recorded in the Official Public Records of Ector County, Texas under Instrument No. 2013-00017005. A true and correct copy of the Security Instrument is attached hereto as **Exhibit B**.

14.     Mortgage Electronic Registration Systems, Inc. ("MERS") as nominee for AMB, its successors and assigns, then assigned the Loan Agreement to American Advisors Group, Inc.

The Assignment of Deed of Trust was recorded in the Official Public Records of Ector County, Texas under Instrument No. 2019-00004988. A true and correct copy of the Assignment of Deed of Trust is attached hereto as **Exhibit C.**

15.     American Advisors Group, Inc. then assigned and transferred the Loan Agreement to RMF. The Assignment of Deed of Trust was recorded in the Official Public Records of Ector County, Texas under Document Number 2022-00020491. A true and correct copy of the Assignment of Deed of Trust is attached hereto as **Exhibit D**.

16.     Under the terms of the Loan Agreement, the Borrower was required to repair, maintain, pay taxes, and assessments on, and insure the Property. The Loan Agreement further provides that should the Borrower fail to timely pay the property taxes or maintain insurance on the Property or fail to comply with any or all of the covenants and conditions of the Loan Agreement, then the lender may require immediate payment in full of all outstanding principal and accrued interest owed on the Note. The Loan Agreement further provides that the lender its successors and assigns, may enforce the Security Instrument by selling the Property according to law and in accordance with the provisions set out in the agreement.

17.     The Defendants have failed or refused to pay the outstanding balance of taxes and/or insurance on the Property. A Mortgage Due and Payable Notification was served on Defendants in accordance with the Loan Agreement and the Texas Property Code on June 24, 2022. In the Mortgage Due and Payable Notification, Defendants were advised that due to the default under the Loan Agreement full payment of all sums secured by the Security Instrument were now outstanding. A true and correct copy of the Mortgage Due & Payable Notification is attached hereto as **Exhibit E**.

18.     The default was not cured and the Loan Agreement was accelerated on October 3, 2022, when a Notice of Acceleration of Loan Maturity was served on Defendants in accordance with the Loan Agreement and the Texas Property Code. A true and correct copy of the Notice of Acceleration of Loan Maturity is attached hereto as **Exhibit F.**

19.     RMF is the current legal owner of the specially indorsed Note. RMF is also the beneficiary of the Security Instrument and a mortgagee as that term is defined in Section 51.002 of the Texas Property Code.

## V.     CAUSE OF ACTION:  DECLARATORY JUDGMENT

20.     The foregoing paragraphs are incorporated by reference for all purposes.

21.     Plaintiff requests a declaration from this Court that it is the owner and holder of the blank endorsed Note and beneficiary of the Security Agreement.  Plaintiff requests a further declaration from this Court that, as owner and holder of the Note and beneficiary of the Deed of Trust, Plaintiff is a mortgagee as that term is defined under Texas Property Code § 51.0001(4) and is authorized to enforce the power of sale in the Security Instrument through foreclosure of the Property.

## VI. CAUSE OF ACTION: NON-JUDICIAL FORECLOSURE

22.     The foregoing paragraphs are incorporated by reference for all purposes.

23.     As the current mortgagee of record who has the right to enforce the Note and Security Instrument, Plaintiff asserts a cause of action for non-judicial foreclosure against defendants. The Loan Agreement is a contract, and Plaintiff fully performed its obligations under it. Defendants, however, did not comply with the Loan Agreement by failing to substantially perform material obligations required under its terms. Therefore, Plaintiff seeks a judgment

allowing it to foreclose on the Property in accordance with the Security Instrument and Texas Property Code § 51.002.

## VII. CAUSE OF ACTION:  JUDICIAL FORECLOSURE

24.     The foregoing paragraphs are incorporated by reference for all purposes.

25.     In the alternative, for failure to cure the default of the Loan, Plaintiff seeks to enforce its security interest against the Property in an amount equal to the payoff at the time of judgment.

26.     As the current legal owner and holder of the Note and the mortgagee of record who has the right to enforce the Note and Security Instrument, Plaintiff seeks a judgment for judicial foreclosure together with an order of sale issued to the sheriff or constable of Ector County—the county where the Property is located—directing the sheriff or constable to seize and sell the Property in satisfaction of the Loan debt.

## VIII.   ATTORNEYS FEES

27.     Because of the material breach of the Loan Agreement, Plaintiff is entitled to recover reasonable and necessary attorneys' fees under the loan documents, and Texas Civil Practice and Remedies Code §38.001. Attorneys' fees are not sought as a personal judgment against the Defendants but only as an additional debt secured by the Security Instrument.

## IX.     CONDITIONS PRECEDENT

28.     The foregoing paragraphs are incorporated by reference for all purposes.

29.     All conditions precedent for foreclosure have been performed or have occurred, and any other action required under applicable law and the loan agreement, contract, or lien sought to be foreclosed has been performed.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that Defendants be summoned to appear and answer, and that the Court enter judgment granting: a declaration that Plaintiff's lien against the Property shall be enforced by non-judicial foreclosure under Security Instrument's power-of-sale provision and the Texas Property Code or, alternatively, by judicial foreclosure. Plaintiff further requests attorneys' fees and costs of suit as a further obligation on the Note, and all other relief, in law and in equity, to which it is entitled.

Respectfully submitted,

By: */s/ Mark D. Cronenwett*

**MARK D. CRONENWETT**
Texas Bar No. 00787303
mcronenwett@mwzmlaw.com

**VIVIAN N. LOPEZ**
Texas Bar No. 24129029
vlopez@mwzmlaw.com

**MACKIE WOLF ZIENTZ & MANN, P.C.**
14160 North Dallas Parkway, Suite 900
Dallas, Texas 75254
Telephone: 214-635-2650
Facsimile: 214-635-2686

**ATTORNEYS FOR PLAINTIFF**